IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                          Civ. No. 03-538 JP/RHS

$23,100.00 IN U.S. CURRENCY,

    Defendant,

GLEN E. ALBIN,

    Claimant.

## MEMORANDUM OPINION AND ORDER

On June 21, 2004, the Claimant filed Claimant's Motion for Summary Judgment (Doc. No. 22). On November 23, 2004, the Claimant filed Claimant's Opposed Motion to Dismiss for Lack of Jurisdiction and Memorandum in Support (Doc. No. 39). Having reviewed the briefs and relevant law, the Court finds that these two motions should be denied.

A. Background

This a civil *in rem* action for the forfeiture of $23,100.00 in cash seized by New Mexico State Police Officers on October 20, 2002 from Claimant's decedent, John Albin. On November 12, 2002, the New Mexico State Police transferred the $23,100.00 in the form of a cashier's check to the United States Marshal Service. On May 7, 2003, the Plaintiff filed this forfeiture action in federal district court. The Court notes that there are no disputed material facts with respect to the Claimant's motion for summary judgment.

B.  Discussion

The Claimant's motion for summary judgment raises jurisdictional issues as well an issue based on the Claimant's counterclaim.  Since the Court dismissed the counterclaim on November 19, 2004 (Doc. No. 38), the Court will address only the jurisdictional issues raised in the Claimant's motion for summary judgment.  In addition, Claimant's motion to dismiss raises only a jurisdictional question.

The Claimant argues that this Court lacks subject matter jurisdiction because the New Mexico courts have exclusive jurisdiction of this forfeiture action under the New Mexico forfeiture laws which provide that "[t]he district courts have jurisdiction over forfeiture proceedings...."  NMSA 1978, §31-27-6(B) (2002).  The Claimant also relies on *Scarabin v. Drug Enforcement Admin.*, 966 F.2d 989 (5th Cir. 1992) and *United States v. One 1979 Chevrolet C-20 Van*, 924 F.2d 120 (7th Cir. 1991) to support his position that this Court lacks subject matter jurisdiction.

28 U.S.C. §1355(a) provides that "[t]he [federal] district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any ... forfeiture...."  Nonetheless, the federal courts recognize the principle set forth in *Penn General Casualty Co. v. Commonwealth of Pennsylvania ex rel. Schnader*, 294 U.S. 189 (1935):  "for the state court to have exclusive jurisdiction over the cash under *Penn General*, the state forfeiture proceeding must have been initiated prior to the federal forfeiture proceeding and both the state and federal forfeiture proceedings must have been *in rem*."  *United States v. Winston-Salem/Forsyth County Bd. of Educ.*, 902 F.2d 267, 271 (4th Cir. 1990).  Here, the state court did not exercise its *in rem* jurisdiction prior to the filing of this *in rem* forfeiture

2

action, because no state forfeiture proceeding was initiated.  *See also Rutherford v. Buhler*, 89 N.M. 594, 597, 555 P.2d 715, 718 (Ct. App. 1976)(the jurisdiction of a court remains at rest until a proper proceeding is commenced); *Zarges v. Zarges*, 79 N.M. 494, 496, 445 P.2d 97, 100 (1968)(a court cannot acquire jurisdiction if a party has not invoked jurisdiction by filing an applicable pleading).  In addition, the state court must have initially possessed or controlled the *res* in order to exercise *in rem* jurisdiction.  *State ex rel. Dept. of Public Safety, State Police Div. v. One 1986 Peterbilt Tractor, Black in Color, with an Altered VIN*, 1997-NMCA-050 ¶24, 123 N.M. 387, *cert. denied*, No. 24,225 (1997); *Matter of Forfeiture of Two Thousand Seven Hundred Thirty Dollars and No Cents ($2,730.00) in Cash*, 111 N.M. 746, 748, 809 P.2d 1274, 1276 (1991).  No state court ever possessed or had control over the $23,100.00 seized by the New Mexico State Police.  For these reasons, the Court finds that there is no state jurisdiction over the $23,100.00, exclusive or otherwise, and that this Court has subject matter jurisdiction over the $23,100.00.  *See Winston-Salem*, 902 F.2d at 272; *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1146 (9th Cir. 1989).

      The Claimant, however, further relies on *Scarabin* to support his motion for summary judgment and motion to dismiss for lack of jurisdiction.  First, the Claimant cites to *Scarabin* for the proposition that a state forfeiture statute can give the state court exclusive jurisdiction over forfeiture proceedings.  Second, the Claimant cites to *Scarabin* for the proposition that a federal court cannot have *in rem* jurisdiction if a federal agency possesses a cashier's check instead of the actual cash seized by local or state law enforcement officers.

      Claimant's reliance on *Scarabin* is misplaced for several reasons.  First, *Scarabin* is distinguishable from this case.  In *Scarabin*, Sheriff's Deputies seized cash pursuant to a search

3

warrant issued by a state district judge and filed a "return on the search warrant" in state district court. 966 F.2d at 991. "Under Louisiana law, property seized pursuant to a state warrant is retained under the issuing judge's control and direction until that judge disposes of it in accordance with state law." *Id*. The Sheriff's Office, however, transferred the seized cash in the form of a cashier's check to the Drug Enforcement Administration (DEA) without the authority or knowledge of the state district court. *Id*. The situation in *Scarabin* is clearly unlike the facts and circumstances in this case where no state court was ever involved in the seizure or forfeiture of the $23,100.00. Moreover, New Mexico forfeiture law does not mirror the Louisiana forfeiture law at issue in *Scarabin*. Second, *Scarabin's* holding regarding the lack of *in rem* jurisdiction based on the DEA's possession of a cashier's check is not well-founded and appears to represent a minority position. *See*, e.g., *United States v. Thomas*, 319 F.3d 640, 643 (3d. Cir.), *cert. denied*, 540 U.S. 829 (2003); *United States v. $46,588.00 in U.S. Currency and $20.00 in Canadian Currency*, 103 F.3d 902, 905 (9th Cir. 1996); *Madewell v. Downs*, 68 F.3d 1030, 1042 n.14 (8th Cir. 1995).

The Claimant also cites to *One 1979 Chevrolet C-20 Van* to support the proposition that the New Mexico state district court has exclusive jurisdiction over the $23,100.00. *One 1979 Chevrolet C-20 Van* is likewise distinguishable from the case at hand. In *One 1979 Chevrolet C-20 Van*, the Batavia Police Department relinquished the van to the Federal Bureau of Investigation (FBI) five days after the Batavia Police Department had seized the van. 924 F.2d at 121. The FBI soon began administrative forfeiture proceedings. *Id*. The State of Illinois then filed a state forfeiture action against the van. *Id*. The FBI subsequently filed a forfeiture proceeding in federal court. *Id*. After the FBI filed the federal action, the state forfeiture action

was voluntarily dismissed. *Id*.

Under Illinois law, "[t]he Director of the Department of State Police or a designated agent may forward the property to a federal agency, but '[p]roperty taken or detained under this Section shall not be subject to replevin, but is deemed to be in the custody of the Director subject only to the order and judgments of the circuit court having jurisdiction over the forfeiture proceedings.'" *Id*. at 122. The court in *One 1979 Chevrolet C-20 Van* did not find that the administrative forfeiture proceedings conferred federal jurisdiction. *Id*. at 123. Moreover, the court found:

> If the federal authorities wanted the van, they were bound to seek a turnover order from the circuit court of the county in which the van was seized. The fact that the state court voluntarily had dismissed the state forfeiture action--a fact the Government uses in an attempt to prove that the state failed to exercise jurisdiction over the van--does not mean that the state did lose jurisdiction.

*Id*. In this case, however, there is no New Mexico state law requirement that federal authorities seek a turnover order from state district court. Furthermore, unlike *One 1979 Chevrolet C-20 Van*, there was never a state forfeiture proceeding in this case.

C. Conclusion

The Court concludes that it has federal subject matter jurisdiction over this forfeiture action. Consequently, Claimant's motion for summary judgment and motion to dismiss for lack of jurisdiction will be denied.[1]

---

[1]The Plaintiff also argues that federal forfeiture laws preempt New Mexico forfeiture laws. The Court need not reach that argument since other grounds support federal subject matter jurisdiction.

5

IT IS ORDERED that:

1. Claimant's Motion for Summary Judgment (Doc. No. 22) is denied; and

2. Claimant's Opposed Motion to Dismiss for Lack of Jurisdiction and Memorandum in Support (Doc. No. 39) is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE