IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

**Plaintiff,**

v.

05 APR 20 PM 3: 47

Civ. No. 03-538 JP /RHS

CLERK-ALBUQUERQUE

**$23,100.00 IN U.S. CURRENCY**

**Defendant,**

GLEN E. ALBIN, ET AL.,

**Claimant.**

## CLAIMANT'S AMENDED REQUESTED FINDINGS OF FACTS

1. On October 20, 2002, John Albin was a passenger in a car that a New Mexico State Police Officer stopped for speeding.

2. The New Mexico State Police Officer issued a citation to the driver.

3. After the New Mexico State Police Officer issued the citation he continued to detain the car.

4. There was no probable cause or reasonable suspicion to warrant the continued detention of the car.

5. Through the unlawful detention of John Albin, the State Police Officer gained consent to search the car.

6. On October 20, 2002, New Mexico state police officers seized $23,100.00 cash from John Albin.

7. On October 20, 2002, John Albin possessed user amounts of controlled substances.

8. On July 15, 2003, John Albin plead to misdemeanor possession of a controlled substance

in state court.

9.      The potential fine for John Albin's offense was $1,000.00.

10.     The court imposed no fine on John Albin.

11.     John Albin died on January 2, 2004.

12.     Glenn Albin is the successor in interest to the cash seized.

13.     The United States has no evidence that claimant is involved in drug trafficking.

14.     The United States has no evidence that this cash was derived from sale of drugs.

15.     Should this court forfeit the cash to the United States, the United States will pay a portion

        of this forfeiture to the State of New Mexico.

16.     The United States has no evidence that John Albin intended to use this cash to purchase

        drugs.

## CLAIMANT'S REQUESTED CONCLUSIONS OF LAW

17.     The court lacks jurisdiction of the cash in this claim.

18.     The State of New Mexico, through statute, has expressed exclusive jurisdiction over cash

        its officers seize. NMSA§ 31-27-1 et seq.

19.     The seizure of the cash was in violation of the fourth amendment prohibition against

        unreasonable seizures. U.S. v. McSwain, 29 F.3d 558, 561-62 (10th Cir. -994).

20.     The United States has no probable cause to believe that the cash was derived from the

        sale of drugs or was intended to purchase drugs. U.S. v. $31,900.00, 982 F.2d 851, 853

        (2nd Cir. 1993); U.S. v. $38,600.00, 784 F.2d 694 (5th Cir. 1986).

21.     Forfeiture of this cash would be excessive and would violate the Eighth Amendment's

        prohibition against excessive fines.

22.     Forfeiture of this cash is wrongful against the claimant and would violate the Eighth

        Amendment prohibition against excessive fines as claimant has no involvement in any

drug trafficking activity.

23     The death of John Albin abates all fines against John Albin.  United States v. Oberlin,

718 F.2d 894, 895 (9th Cir. 1983); Crooker v. U.S., 325 F.2d 318 (8th Cir. 1963).

24.    Claimant is awarded interest and a reasonable attorney fee.

Respectfully submitted,

Kennedy & Oliver, P.C.
Joseph P. Kennedy
Shannon L. Oliver
1000 Second Street NW
Albuquerque, New Mexico 87102
(505) 244-1400

I hereby certify that a copy of the forgoing
was hand delivered to counsel of record this
16th day of March, 2005.

Joseph P. Kennedy/ Shannon L. Oliver

Stephen Kotz
U.S. Attorney's Office
P.O. Box 607
Albuquerque, New Mexico 87103-0607

Glenn Smith Valdez
1650 Camino del Valle SW
Albuquerque, New Mexico 87105-3213